## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERAMIE MARINE, L.L.C. and** **CHERAMIE DIVE SUPPORT, L.L.C.**      **Plaintiffs** **v.** **CLEAR SPRING PROPERTY AND** **CASUALTY COMPANY, TALISMAN** **CASUALTY INSURANCE COMPANY,** **and REINSURERS A through Z**      **Defendants** | **CIVIL ACTION NO.** **SECTION** **JUDGE** **DIVISION** **MAGISTRATE JUDGE** |

## <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes Cheramie Marine, L.L.C. and

Cheramie Dive Support, L.L.C. (collectively "Cheramie"), Louisiana limited liability companies

registered to do and doing business in the State of Louisiana, and domiciled at Larose, Louisiana,

who respectfully represents as follows:

1 .

Made defendants herein are:

(a)     Clear Spring Property and Casualty Company ("Clear Spring"), an insurance

company organized and existing under the laws of the Illinois and domiciled in Illinois;

(b)     Talisman Casualty Insurance Company ("Talisman"), an insurance company

organized and existing under the laws of Nevada and domiciled in Nevada;

(c)     Reinsurers A through Z ("Reinsurers"), currently unknown reinsurers of Talisman

who, upon information and belief, are unknown foreign insurance companies registered to do

business, or not registered but doing business, in the State of Louisiana and can be served through

1

the Louisiana Secretary of State, whose identities will be provided in a Supplemental and Amended Company after discovery of their identities;

All of whom are collectively referred to as the "Insurers."

2.

Defendants provided insurance policies in Louisiana, including but not limited to the insurance policies at issue in this Complaint.

3.

Venue is proper as all defendants are subject to the personal jurisdiction of this Court, Cheramie is a resident of this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of this Court.

4.

This Honorable Court has jurisdiction over this matter pursuant to its admiralty and maritime jurisdiction, 28 U.S.C. §1333, because this is a dispute involving maritime contracts, and Cheramie herein invokes the special procedures of Rule 9(h) of the Federal Rules of Civil Procedure.

5.

Clear Spring issued insurance policy number CSCHMA202007684-685 ("Primary Policy") to Cheramie in Louisiana, providing insurance coverage during the July 1, 2020 to January 1, 2022 term, including but not limited to maritime protection and indemnity insurance for Cheramie's vessels, including but not limited to M/V ELLIOT CHERAMIE.

6.

Talisman issued insurance policy number CHMA202007686-689 ("Excess Policy") to Cheramie in Louisiana, providing insurance coverage during the July 1, 2020 to January 1, 2022

term, including but not limited to maritime protection and indemnity insurance for Cheramie's vessels, including but not limited to M/V ELLIOT CHERAMIE.

7.

The Excess Policy expressly states that its underwriters are: "Talisman Casualty Insurance Company Reinsured 100% subscribing Underwriters at Lloyd's and Best A Rated Companies." However, Talisman has refused Cheramie's multiple written requests to identify such "Underwriters at Lloyd's" and "Best A Rated Companies."

8.

The Primary Policy and Excess Policy provide insurance coverage for claims asserted in the case *In re: Cheramie Marine, L.L.C.*, *et al.*, No. 21-2371 (E.D.La.) arising from an incident involving Cheramie's vessel the M/V ELLIOT CHERAMIE on or about June 25, 2021 (the "Claims"). The parties asserting the Claims were Terry Joseph, Nicholas McZeal, and Paul Words ("Personal Injury Claimants") and Crescent Midstream, L.L.C. ("Crescent").

9.

Clear Spring and Talisman have acknowledged their coverage obligations and responsibilities under their insurance policies, and assumed Cheramie's defense of the Claims.

10.

On or about July 28, 2023, with Insurers's express, written consent, Cheramie settled the Claims (the "Settlement").

10.

 The Settlement consisted of two payments, the first to be paid on or before August 4, 2023, and the second to be paid on or before October 27, 2023.

11.

The payments were structured on this timeline because Clear Spring and Talisman represented to Cheramie that they needed additional time to collect funds from the Reinsurers.

12.

Clear Spring and Talisman also asked Cheramie to take the unusual step of funding the first payment of $750,000 from Cheramie's own funds, and promised Cheramie to reimburse the $750,000 on or before October 27, 2023. Clear Spring and Talisman further promised Cheramie that they and the Reinsurers would fund the second Settlement payment on or before October 27, 2023.

13.

In consideration of, and in reliance on, the foregoing promises by Insurers, Cheramie funded $750,000 towards the Settlement.

14.

The insurers did not meet their payment obligations by the deadline to do so.

15.

After the Settlement funding deadline, Cheramie requested the identity of the Reinsurers multiple times in writing but Clear Spring and Talisman did not provide the information.

16.

After the Settlement funding deadline, Cheramie and undersigned counsel repeatedly demanded in writing that Clear Spring and Talisman pay the Settlement and meet the obligations required by the insurance policies—and which Insurers committed to timely funding—but Clear Spring and Talisman nevertheless failed to fund millions of dollars of the Settlement.

17.

On November 9, 2023, Personal Injury Claimants filed a motion to enforce the Settlement.

18.

On November 15, 2023, Crescent filed a motion to enforce the Settlement.

19.

On November 22, 2023, the Court granted the foregoing motions, and issued sanctions in the form of reimbursement of lost workers' compensation benefits for the Personal Injury Claimants, interest, and attorney's fees and costs ("Sanctions"). The Sanctions continue to accrue until the Settlement and Sanctions are paid in full.

20.

Cheramie and its undersigned counsel have demanded and continue to demand that Insurers meet their obligations, but Insurers have breached and continue to breach their obligations.

**<u>COUNT ONE</u>**

**INSURERS BREACHED THE INSURANCE POLICIES
BY FAILING TO REIMBURSE CHERAMIE
<u>AND TIMELY FUND THE SETTLEMENT</u>**

21.

Cheramie incorporates all of the paragraphs of this Complaint into this Count One, its Breach of Contract Claim.

22.

As set out herein, Insurers breached their obligations under the relevant insurance policies and breached their agreement to timely fund the Settlement, and they are therefore liable to Cheramie for the resulting damages.

23.

As set out herein, Insurers' breach was willful, wanton, arbitrary, capricious, and with reckless disregard for their obligations under the relevant insurance policies, their agreement to timely fund the Settlement, and their legal obligations to their insured Cheramie, and they are therefore liable to Cheramie for the resulting damages.

## COUNT TWO

### INSURERS HAVE BREACHED THEIR STATUTORY DUTIES TO CHERAMIE BY FAILING TO ACT IN GOOD FAITH

24.

Cheramie incorporates all of the paragraphs of this Complaint into this Count Two, its Bad Faith claim.

25.

In Louisiana, "the insurance company is held to a high fiduciary duty to discharge its policy obligations to its insured in good faith – including the duty to defend the insured against covered claims and to consider the interests of the insured in every settlement." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417 (La. 1988).

26.

The insurer's duty is codified in Louisiana Revised Statute 22:1973:

> An insurer... owes to his insured a duty of <u>good faith and fair dealing.</u> The insurer has an affirmative duty to adjust claims fairly and promptly and to <u>make a reasonable effort to settle claims</u> with the insured or the claimant, or both. Any insurer who breaches

these duties shall be liable for any damages sustained as a result of
the breach . La. R.S. 22:1973(A) (emphasis added).

The statute goes on to provide for an award of twice the actual damage caused by the insurer's

breach of its duty or $5,000, whichever is greater. La. R.S. 22:1973(C).

27.

The failure by Insurers to faithfully discharge their coverage obligations to Cheramie,

despite Insurer's agreement to the Settlement and commitment to fund in accordance with the

Settlement deadlines, constitutes a breach of their duty of good faith and fair dealing owed to

their insured, Cheramie.

28.

The actions and inactions of Insurers in handling Cheramie's insurance claim, their

failure to respond to Cheramie's requests for information and action in a timely and proper

manner, and their failure to timely fund the Settlement, have been willful, wanton, arbitrary,

capricious, and with reckless disregard for Cheramie's rights under the contracts of insurance

and applicable law. These actions are in derogation of their duty to act in good faith and to deal

fairly with their insured, Cheramie.

29.

Cheramie has suffered harm as a result of the Insurers' breach of their duties of good faith

and fair dealing, including but not limited to the Sanctions and considerable attorneys' fees and

costs incurred by Cheramie in attempting to obtain Insurers' compliance with the Settlement, and

in prosecuting this Complaint.

## **PRAYER FOR RELIEF**

For the reasons set out herein, Cheramie prays that this Court enter judgment in its favor against Defendants Clear Spring Property and Casualty Company, Talisman Casualty Insurance Company, and Reinsurers A through Z, and order the following relief:

a.   An award of all attorney's fees, expenses and court costs incurred in defending the Claims, Settlement, Sanctions, and any further sanctions;

b.   An award of contribution and indemnification of the Settlement and Sanctions, and any further sanctions, regardless of the policy limits stated in the policies issued by Insurers;

c.   An award of all attorneys' fees, expenses, and court costs incurred in prosecuting this action against Clear Spring Property and Casualty Company, Talisman Casualty Insurance Company, and Reinsurers A through Z;

d.   An award of pre- and post-judgment interest;

e.   Double damages under La. R.S. 22:1973(C);

f.   Punitive damages under U.S. general maritime law;

g.   All other relief to which Cheramie may be justly entitled at law or in equity.

WHEREFORE, Cheramie Marine, L.L.C. and Cheramie Dive Support, L.L.C. pray that a copy of this Complaint be served upon Defendants and that after due proceedings are had there be judgment herein in favor of Plaintiffs Cheramie Marine, L.L.C. and Cheramie Dive Support, L.L.C., and against Defendants Clear Spring Property and Casualty Company, Talisman Casualty Insurance Company, and Reinsurers A through Z for the losses incurred in resolving the Claim, Settlement, Sanctions, as well as all damages and attorney's fees together with legal interest from the date of judicial demand and all other just and equitable relief.

Respectfully submitted,

/s/ *Raymond T. Waid*
David L. Reisman, T.A. (Bar #21833)
Raymond T. Waid (Bar #31351)
Nicolette S. Kraska (Bar #39431)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana
70139-5099 Telephone:
(504) 581-7979
dreisman@liskow.com
rwaid@liskow.com
nkraska@liskow.com

***Attorneys for Cheramie Marine, L.L.C. and Cheramie Dive Support, L.L.C.***